FILED '10 MAR 08 12:09 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLIFFORD JOE GRAHAM,

        Petitioner,        Civil No. 09-462-TC

        v.        FINDINGS AND
                RECOMMENDATION
DON MILLS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to the Judgment dated February 20, 2003, from Marion County Circuit Court Case No. 02C45915 after a conviction for Attempted Kidnapping in the First Degree and sentence of 90 months' imprisonment. Respondent's Exhibit 101.

    Petitioner directly appealed his conviction, but then moved for voluntary dismissal of the appeal. Respondent's

1 - FINDINGS AND RECOMMENDATION

Exhibit 105 - 107.

Petitioner filed a First Amended Formal Petition for Post-Conviction Relief, Respondent's Exhibit 108, but the Marion County Circuit Court denied relief. Respondent's Exhibit 123. Petitioner appealed and the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Respondent's Exhibits 124 - 128.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging: Ground One: Denial of United States Constitution, Amendments 6 and 14, to the effective assistance of counsel. ... Petitioner's rights to the effective assistance of counsel under the United States Constitution, Amendments 6 and 14 were violated by petitioner's underlying criminal trial attorney's failure to object to an unlawful upward departure sentence based on findings of fact not made by a jury." Petition (#2) p. 5.

Petitioner was charged with Sexual Abuse in the First Degree and Attempted Kidnapping in the First Degree. After a jury trial he was found guilty of Attempted Kidnapping in the First Degree, and acquitted of the sex crime. At the sentencing proceeding, the State argued for the maximum guidelines departure sentence of 90 months, which was also recommended by the PSI writer - "the defendant needs to be confined for as long as the law will allow." In addition, petitioner's criminal history reflected that he was a repeat sex offender, and he was found to be a Sexually Dangerous

2 - FINDINGS AND RECOMMENDATION

Offender. Respondent's Exhibit 115, p. 20.

Petitioner's trial counsel argued that the court should impose the presumptive sentence, which was 41-45 months. Respondent's Exhibit 104, p. 3.

The court noted that petitioner was 43 years old and had "32 arrest cycles *** [f]orty charges involving 25 convictions. You're one of the worst criminals I've ever seen." Id. at p. 4. The court adopted the recommendations and rationale of the PSI, and imposed an upward departure sentence of 90 months. The rationale for the upward departure included that (1) petitioner knew or had reason to know the victim's particular vulnerability - a young mildly retarded woman, (2) his persistent involvement in similar offenses - a serious, lengthy record of sexually offending other vulnerable individuals, primarily retarded young males or male children, and (3) the degree of harm or loss attributable to the crime was significantly higher than typical for such offense. Respondent's Exhibit 115, at p. 19.

As noted above, petitioner voluntarily dismissed his direct appeal. In his petition for post-conviction petitioner alleged the single claim that he raises in this proceeding.

In denying relief, the PCR court made an oral finding that:

> 19. Trial counsel had no basis for objecting to the upward departure sentence. Under Apprendi v. New Jersey, 530 U.S. 460 (200), petitioner's substantial history of prior convictions allowed the judge to impose such a sentence.

3 - FINDINGS AND RECOMMENDATION

>    20. Counsel requested a presumptive sentence, and was justified in concluding that any objection to the upward departure sentence would be futile.
>
>    21. Trial counsel could not have objected to the upward departure sentence under *Blakely v. Washington*, 124 S.Ct. 2531, 2537 (2004). Petitioner was sentenced in 2003, and *Blakely* is not retroactively applicable. *McClanahan v. Hill*, 200 Or Appp 9 (2005).

Respondent's Exhibit 112 at p. 3 - 5. The post conviction court further held that:

>    1. Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the state of Oregon.
>
>    \*\*\*
>
>    4. Petitioner did not prove any of his claims by a preponderance of the evidence.
>
>    5. Petitioner did not prove the facts underlying any of his post-conviction claims by a preponderance of evidence. Thus petitioner has not shown, as required by *Strickland*, (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of the proceeding would have been different. Nor has petitioner shown, as required by Article 1, Section 11 of the Oregon Constitution, (1) that counsel failed to exercise reasonable professional skill and judgment, and (2) that the claimed inadequacies of counsel had a tendency to affect the outcome of his criminal proceedings.

Id. at 7 - 8.

Under AEDPA, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable

4 - FINDINGS AND RECOMMENDATION

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's

5 - FINDINGS AND RECOMMENDATION

performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

In this case, the PCR trial court denied relief on petitioner's ineffective assistance of counsel claim. The PCR court's findings are presumed correct because petitioner has not rebutted them by clear and convincing evidence and the court's decision denying relief is entitled to deference under § 2254(d)(1) because it is not contrary to or an unreasonable application of Strickland. Moreover, I find that the PCR court decision is supported by the record before the court and is correct on the merits.

6 - FINDINGS AND RECOMMENDATION

At the time petitioner was sentenced on February 20, 2003, *Apprendi v. New Jersey* 530 U.S. 336 (2000) governed convicts' federal constitutional sentencing rights. Under the rule of *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increase[s] the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530U.S. at 490. It was not until 2004 in *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004), that the court defined "statutory maximum" for *Apprendi* purposes as follows:

> [T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *soley on the basis of the facts reflected in the jury verdict or admitted by the defendant.*
>
> ****
>
> In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

Prior to *Blakely*, "virtually every single federal circuit court" concluded that "a departure from a presumptive sentence did not run afoul of *Apprendi* as long as the upward departure was authorize under the sentencing guidelines and did not exceed the statutory maximum" for the crime. <u>Peralta-Basilio v. Hill</u>, 203 Or. App. 449, 453 (2005) (collecting federal circuit court cases); <u>see also</u>, <u>Schardt v. Payne</u>, 414 F.3d 1025, 1035 (9th Cir. 2005) (holding "the rule announced in *Blakely* was not apparent to all reasonable jurists, nor was it dictated by precedent.").

7 - FINDINGS AND RECOMMENDATION

In this case, the statutory maximum sentence for petitioner's crime of conviction, Attempted Kidnapping in the First Degree, was ten years in prison. ORS 161.605 and 161.405(b), and petitioner's sentence was 90 months - under the statutory maximum.

Petitioner's trial counsel reasonably did not object to the court making a finding in support of the upward departure because the upward departure sentence was lawful under *Apprendi*, the controlling United States Supreme Court authority at the time petitioner was sentenced. Although petitioner's sentence may have run afoul of the subsequent ruling in *Blakely v. Washington,* both the Ninth Circuit court of Appeals and the Oregon Court of Appeals have held that Blakely is not retroactive to cases on Blakely is not retroactive to cases on collateral review. Shardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); McClanahan v. Hill, 200 Or. App. 9, 10 (2005).

Counsel was not ineffective for failing to predict the Court's ruling in *Blakely*. See, Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) (failure to predict future developments of law regarding *Apprendi* like issues is not ineffective; Sophanthavong v. Palmateer, 378 F.3d 859, 870 (9th Cir. 2004) ["*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms"].

Based on all of the foregoing, Petitioner's Petition (#2)

8 - FINDINGS AND RECOMMENDATION

should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen(14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 8 day of March, 2010.

Thomas M. Coffin
United States Magistrate Judge